|   |   |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-cr-00225-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| JOSE LUIS RAMOS, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

      This matter is before the Court on Defendant Jose Luis Ramos's ("Defendant") Motion for Reconsideration.  (ECF No. 134.)  The Government filed an opposition.  (ECF No. 136.)  Defendant filed a reply.  (ECF No. 137.)  For the reasons set forth below, the Court DENIES Defendant's motion.

      On May 6, 2024, Defendant pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute at Least 500 grams of Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1).  (ECF No. 124.)  At the close of Defendant's change of plea hearing, which was held before Judge William B. Shubb, the Government moved for Defendant to be remanded into custody pending sentencing.  (ECF No. 134-1 at 28.)  After hearing arguments from both parties, Judge Shubb stated he would "get off the case" but then also stated, "I do not find by clear and convincing evidence that Mr. Ramos does not pose a flight risk."  (*Id.* at 41–42.)  Judge Shubb

1

then ordered Defendant remanded into custody. (*Id.* at 42.) The next day, Judge Shubb issued a recusal order, and the case was reassigned to the undersigned. (ECF No. 127.) On May 16, 2024, Defendant filed a motion for reconsideration of Judge Shubb's detention order. (ECF No. 134.)

Defendant moves for reconsideration under Federal Rule of Civil Procedure ("Rule") 59(e), which allows a party to file a motion to alter or amend a judgment. (*Id.* at 3.) Defendant argues he was not afforded an assessment as an individual, based on his criminal history, personal history and characteristics, performance on pretrial release, or positive assessment regarding flight risk by Pretrial Services. (*Id.* at 4.) Defendant argues that Judge Shubb instead "refused to recognize Ninth Circuit precedent, emphasized what the Judge himself would do if facing a prison sentence with family residing outside of the United States (flee), and ignored all of the evidence demonstrating that [Defendant] has had ample opportunity to flee and has instead remained in compliance with his conditions of release, taken responsibility for his role in the offense, and made all required appearances." (*Id.*)

In opposition, the Government argues there is no basis for the Court to reconsider Judge Shubb's ruling because Defendant does not provide new law or facts, nor does he identify any clear error in the prior decision. (ECF No. 136 at 3.) The Government argues Defendant simply raises the same arguments he raised in front of Judge Shubb. (*Id.*) The Government contends Judge Shubb "applied the correct statutory standard to these facts and found that there were no exceptional circumstances warranting release and that the defendant had not met his burden by clear and convincing evidence that he was not a flight risk." (*Id.*)

This matter presents an unusual procedural issue as Defendant is asking the Court to reconsider, not its own order, but the order of another district judge. Defendant fails to cite authority to convince the Court that it would be proper to do so under Rule 59(e). Defendant cites a Ninth Circuit case that states "post-judgment motions for reconsideration may be filed in criminal cases." (ECF No. 134 at 3 (citing *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000)).) However, *Martin* involved a district court's reconsideration of its own order on a 28 U.S.C. § 2255 petition, not reconsideration of another district judge's detention order. *Martin*, 226 F.3d at 1047–48. Review of a detention order is typically governed by 18 U.S.C. § 3145, and

it appears the proper mechanism for review of Judge Shubb's detention order would be an appeal to the Ninth Circuit. *See* 18 U.S.C. § 3145(c).

  For the foregoing reasons, the Court DENIES Defendant's Motion for Reconsideration. (ECF No. 134.)

  IT IS SO ORDERED.

Date: June 5, 2024

                Troy L. Nunley
                United States District Judge